IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **COREY DEON LYLES,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Case No. 7:25-cv-87-WLS-ALS |
| : | |
| **LT MARCUS,** : | |
| : | |
| **Defendant.** : | |
| _____ | |

### ORDER

*Pro se* Plaintiff Corey Deon Lyles, a prisoner at Telfair State Prison in Helena, Georgia, filed a 42 U.S.C. § 1983 complaint (ECF No. 1)[1] and he requests leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). As explained below, Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** and he is **ORDERED** to recast his complaint.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP is **GRANTED**.

However, even if a prisoner is allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient

---

[1] On July 9, 2025, Plaintiff filed his complaint in the United States District Court for the Southern District of Georgia (ECF No. 1). On July 10, 2025, that court transferred the complaint to this Court (ECF Nos. 3, 4).

assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.      Directions to Plaintiff's Custodian

Plaintiff is required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager of the facility in which Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's

trust fund account continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## INITIAL REVIEW OF COMPLAINT

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Here, Plaintiff's claims arise from his previous incarceration at Valdosta State Prison. Compl. 4-5, ECF No. 1. Plaintiff states that in March 2024, he was attacked by another prisoner and suffered severe cuts to his face and left hand. *Id*. at 5. Plaintiff complains that he has ongoing physical pain from this attack. *Id*. Plaintiff seeks damages and "to be transferred to a medical prison[.]"[2] *Id*. at 6.

---

[2] Even if Plaintiff could prevail in this action, United States district courts have no authority under § 1983 to order the transfer of Plaintiff from one state prison to another. *See, e.g.*, *Newman v. Ala.*, 559 F.2d 283, 288 (5th Cir. 1977) (district courts do not have the "authority to address state officials out of office[.]"); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)) (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison.").

Although Plaintiff names Valdosta State Prison Deputy Warden Marcus as a Defendant in the heading of his complaint, there are no allegations whatsoever within Plaintiff's statement of claim which specifically link him to any unconstitutional act. *See* Compl. 1, 5. A claim is properly dismissed when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (parenthetically quoting *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation marks and citations omitted). Because Plaintiff does not link his claims to Defendant Marcus—the only named defendant—his complaint is subject to dismissal.

If Plaintiff is pursuing his claims based exclusively on the supervisory role of Defendant as a Deputy Warden, then Plaintiff's complaint is still subject to dismissal. It is well-settled in the Eleventh Circuit that supervisory officials cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (same); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) ("The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." (citation and internal quotation marks omitted)).

4

Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendant's actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762. Here, Plaintiff has made no showing of a causal connection between any action of Defendant in his supervisory role and the injuries Plaintiff suffers from due to the attack by another prisoner. Thus, Plaintiff's claim against Defendant is subject to dismissal. *See Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010). Therefore, Plaintiff is now required to submit a recast complaint if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when

drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

    (1)    As to any § 1983 claim Plaintiff intends to pursue about the prisoner assault, *how* and *when* did the Defendant become aware of a substantial risk that you could suffer a serious injury at the hands of another prisoner? *What* did this Defendant do (or not do) in response to this knowledge? Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

    (2)    As to any § 1983 claim Plaintiff intends to pursue about the medical care provided following his assault, *what* were or are your serious medical needs that, if left untreated, posed or poses a substantial risk of serious harm to your health? *How* and *when* did the Defendant become aware of this serious medical need? *What* did this Defendant do (or not do) in response to this knowledge that placed or places you at further risk of serious harm? Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form. Plaintiff should state his claims as simply as possible. Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise

specified. *See* Fed. R. Civ. P. 8.

Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2013); *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it was superseded by the subsequent amended pleading). Thus, Plaintiff's recast complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim. Consequently, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff is advised that if he fails to link a named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890-91 (11th Cir. 2016) (citing Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in dismissing as improperly joined claims against two defendants which "did not 'arise out of the same transaction, occurrence, or series of transactions or occurrences'"). Plaintiff is not to include any exhibits or attachments with his complaint. ***The recast complaint cannot be longer than ten (10) pages in its entirety***.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. The Clerk of Court is **DIRECTED** to forward to Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for his use in complying with the Order of the Court. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.**  There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 12th day of August, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE